UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MARIE DESJARDINS,

      Plaintiff,

v.

PRO-HEALTH NURSING SERVICES, INC A/K/A
PRO-HEALTH NURSING SERVICES 2, LLC
A/K/A BEST PCS LLC, a Florida Corporation,

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, MARIE DESJARDINS, by and through his undersigned counsel, and sues the Defendants, PRO-HEALTH NURSING SERVICES, INC a/k/a PRO-HEALTH NURSING SERVICES 2, LLC a/k/a BEST PCS LLC (hereinafter, referred to as "PHNS"), and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiff for all work performed in direct contravention of the law; and (2) compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, FIRSTN LASTN individually, acted directly in the interests of his employer, the Defendant, PHNS, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, PHNS, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, PHNS, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That on or about February 17, 2021, the Plaintiff, MARIE DESJARDINS was hired as a non-exempt employee by the Defendants.

10. During his employment, Defendants had Plaintiff, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

11. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

12. That Plaintiff, however, will exert their collective diligent efforts to obtain such

information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

### COUNT I
### FLSA – PHNS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, PHNS, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, MARIE DESJARDINS, demands judgment against the Defendant, PHNS, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, MARIE DESJARDINS, demands trial by jury.

Dated: February 22, 2022.	Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920

3